This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-36678**

**KEVIN LEVONN KENNEY,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}      Defendant Kevin Levonn Kenney appeals from his conviction for aggravated

driving under the influence of intoxicating liquor or drugs (DWI) (7th offense),

contrary to NMSA 1978, Section 66-8-102 (2016). [RP 143-47] Unpersuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We remain unpersuaded and therefore affirm.

{2}    On appeal, Defendant raises three issues. First, Defendant contends that he was denied due process as a result of Officer Rody's failure to collect a blood sample from him following his arrest. [DS 7] Second, Defendant contends that his right to testify at trial was infringed upon by the district court's ruling that his prior felony convictions could be used to impeach his credibility. [DS 7] Lastly, Defendant contends that he should have been afforded the process and procedure he requested when challenging the validity of his prior convictions. [DS 7-8] Our notice set forth the relevant facts for each issue and the law that we believed controlled. Specifically, relevant to the first issue, we proposed that the limited duty to collect evidence as described in *State v. Ware*, 1994-NMSC-091, 118 N.M. 319, 881 P.2d 679, does not supply a basis for requiring an officer to agree to blood testing when a DWI suspect refuses a breath test. Next, relative to Defendant's second issue, we proposed that Defendant had not adequately preserved the issue, and, even if he had, we pointed out that our case law did not support Defendant's argument. As for the last issue, we proposed that differences in structure and purpose between the Habitual Offender Act, NMSA 1978, § 31-18-17 (2003), and the sentencing scheme for prior DWIs did not

2

support Defendant's request that the protections and procedures in place for habitual offender proceedings be followed in this case.

{3}     In response, Defendant reasserts the arguments raised in his docketing statement without explaining why our proposed disposition was incorrect. [MIO 2-8] Defendant's arguments have already been addressed by this Court's notice, and we decline to address them further in this opinion because Defendant has not provided any new legal or factual argument that persuades us that our analysis was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm.

{4}     **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**


_____

**J. MILES HANISEE, Judge**